[No. 1643. Decided June 7, 1895.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES E. MYERS, *Appellant*.

HOMICIDE — EVIDENCE — JUDICIAL COMMENT — INSTRUCTIONS — REASONABLE DOUBT — INSUFFICIENCY OF EVIDENCE.

Upon the trial of a person charged with the crime of murder committed in the perpetration of arson, he is not entitled to introduce proof showing the whereabouts, at the time of the fire, of a certain person hostile to the accused, when neither such proof nor the other circumstances already in evidence tend to show the commission of the crime by such person.

Where the court, in excluding as exhibits in evidence certain boxes filled with dirt in which appeared impressions made by the feet of horses, referred thereto as "manufactured testimony," the language must be construed as applying to the manner in which the exhibits had been manufactured, and not to the course of the defense in conducting the cause.

In a prosecution based upon circumstantial evidence a charge to the jury that "the law, in order to warrant a conviction, does not require that you should be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt. It is sufficient if, taking the testimony all together, you are satisfied beyond a reasonable doubt that the defendant is guilty," is not misleading, as the expression "chain of circumstances," as used therein, conveys the same idea as the expression "inculpatory facts."

The supreme court will not set aside a conviction on the ground of the insufficiency of the evidence, although the guilt of the accused may not have been made to appear absolutely certain, when the

cause has been tried before two juries, each of different counties, with the same result, and the trial court has twice refused to interfere with the verdict.

*Appeal from Superior Court, Garfield County.*

*George W. Bailey, M. M. Godman,* and *S. G. Cosgrove,* for appellant.

*M. F. Gose,* Prosecuting Attorney, for The State.

The opinion of the court was delivered by

HOYT, C. J.—Appellant was accused of the crime of murder in the first degree, committed in the perpetration of arson. The undisputed facts shown by the proofs were to the effect that a certain hotel, situated in the town of Asotin, was destroyed by fire, in which one of its inmates lost his life. The disputed facts, which the prosecution sought to prove, were that such fire was of incendiary origin, and that the appellant was the incendiary. A verdict of guilty was rendered, and after a motion for a new trial had been made and denied, judgment and sentence were imposed, from which this appeal has been prosecuted.

There was no direct proof connecting the appellant with the commission of the crime, the prosecution relying upon circumstances which it sought to prove to establish his guilt. Upon four assignments of error appellant relies for a reversal: (1) The rejection of certain testimony offered in his behalf; (2) Language used by the court during the progress of the trial which had a tendency to prejudice his case with the jury; (3) An erroneous instruction given to the jury; and (4) The insufficiency of the proofs to sustain the verdict.

The first assignment is founded upon the action of the court in refusing to allow the appellant to intro-

duce proof tending to show where one Murphy, who had been an employe at said hotel, was at the time of and soon after the fire. The fact which it was alleged warranted the introduction of proof of this nature was that Murphy had some ill-will towards the appellant, but, in the absence of other circumstances tending in some manner to connect him with the commission of the crime, we are unable to see how his whereabouts could have had any effect upon the question of the guilt or innocence of the appellant. There was, in our opinion, no foundation for the argument of counsel that the answers to the questions relating to the whereabouts of said Murphy could in any manner tend to show that he had committed the crime, and as this was the ground upon which the admissibility of the testimony was claimed, the court committed no error in rejecting it.

The second exception grows out of the fact that one of the circumstances relied upon by the prosecution to establish the guilt of the appellant was certain horse tracks upon the road and in the trail leading in the direction of his home, as to the nature and freshness of which several witnesses testified. In the cross-examination of such witnesses counsel for appellant had produced in court certain boxes filled with dirt, in each of which appeared an impression of the foot of a horse or other animal, and as a part of such cross-examination sought to obtain from such witnesses their idea as to the time when these impressions were made, as relating to the time of trial; after which, as a part of the case of the appellant, a witness was introduced who testified as to when and how the impressions in the dirt in these boxes were made. The boxes containing the dirt with these impressions were then offered in evidence, and the court, in sustaining the

objection of the prosecution to their admission, made use of the following language:

"This manufactured testimony, the manner in which it is manufactured, the manner in which it is manuufactured in boxes, it is not a fair test and not one of the tests the law allows as to their being introduced as evidence in themselves."

And it is claimed that the use of such language was not proper and had a tendency to discredit the cause of the appellant.

If we could agree with the appellant as to what was meant by the court, we might agree with his further contention. He construes the remark of the judge as to manufactured testimony to refer to the course which the defense had taken in conducting the cause; that it had been engaged in the manufacture of testimony in the sense that testimony had been offered which had no foundation in fact. But in our opinion the language used warrants no such construction. When it is construed as a whole, it clearly appears therefrom that the court was talking about the manner in which the exhibits, which it was proposed to put in evidence, had been manufactured, and that it was to the fact of such manufacture, and not to the course of the appellant or his counsel in the production of testimony, that the word "manufactured," was intended to apply; and when so interpreted the language used had no tendency to influence the minds of the jury.

There was no exception taken as to the action of the court in excluding the boxes from evidence, but if there had been it would not have availed the appellant, for the reason that the ruling of the court in excluding them was correct. There was no such connection between the testimony of the witnesses for the prosecution as to the nature of the tracks found in the

road and trail and as to the probable time when they
were made, with similar testimony as to the tracks
made upon earth placed in the boxes and impressed
with the foot of a horse, as to warrant any testimony
being introduced in respect to the latter for the pur-
pose of affecting the testimony of the witnesses as to
the former.   So that, not only were the boxes properly
excluded, but the court would have committed no
error if it had excluded all the testimony in relation
to the tracks upon the dirt therein.

The instruction to which the appellant excepted was
in the following language:

"The law requiring the jury to be satisfied of the
defendant's guilt beyond a reasonable doubt in order
to warrant a conviction does not require that you
should be satisfied beyond a reasonable doubt of each
link in the chain of circumstances relied upon to es-
tablish the defendant's guilt.   It is sufficient, if, taking
the testimony all together, you are satisfied beyond a
reasonable doubt that the defendant is guilty."

The objection to such instruction on the part of the
the appellant is to the use of the words "link in the
chain of circumstances," instead of "inculpatory
facts."   If the latter expression had been used it is
clear from all the authorities, and practically conceded
by the appellant, that the instruction would have been
unobjectionable.   In our opinion, the expression
"chain of circumstances," as used in this instruction,
conveyed substantially the same idea as would that of
"inculpatory facts."   If the language of the court had
referred to the chain of circumstances *necessary* to es-
tablish the guilt of the defendant, there would have
been foundation for the distinction sought to be made
by the argument of counsel for the appellant, for
where a chain of circumstances is the means by which

the guilt of the defendant is to be established, each necessary link in that chain must be established beyond a reasonable doubt, for the reason that the chain without the *necessary* links would be incomplete and ineffectual.    But such was not the language used by the judge.    He referred to the chain of circumstances relied upon by the prosecution, and it is clear that such language referred to the inculpatory facts, whether in a chain or group, and stated that each of such facts need not be proved beyond a reasonable doubt.    If the court had not in this instruction told the jury that before they could convict they must be satisfied beyond a reasonable doubt of the guilt of the defendant, there might have been some reason for the claim that it was misleading, but when taken in connection with such a statement, and with the other instructions given, in which the duty of the jury and the rights of the appellant were fully set out, there is no foundation for such a claim.    It would have been better if some other expression had been used than that of "chain of circumstances relied upon," for the reason that, in the sense which was manifestly intended to be conveyed, the expression, "chain of circumstances," was inaccurate.    But such inaccuracy furnishes no sufficient ground for reversal, when it sufficiently appears that the instruction taken as a whole fully protected the rights of the appellant.    This conclusion seems to us reasonable from the language used, and it is also well sustained by authority.    See *Bradshaw v. State,* 17 Neb. 147 (22 N. W. 361); *Bressler v. People,* 117 Ill. 422 (8 N. E. 62); *People v. Phipps,* 39 Cal. 326; *Faulkner v. Territory,* 30 Pac. 905; *Sackett, Instructions to Juries,* p. 647, § 34, and cases therein cited.

The other ground relied upon is the insufficiency of the evidence to warrant a conviction.    It appears from

the record that the appellant was once tried in the county of Asotin, and a verdict of murder in the first degree returned, which the trial court refused to set aside; that, upon the appeal to this court, the judgment and sentence imposed upon that trial were set aside. for error of law on the part of the trial court. Hence, it appears that the verdict which is now sought to be set aside was the second one; that it was rendered by a jury of a different county from that in which the crime was committed and at a time remote from its commission. When the minds of twenty-four men, at least twelve of whom were removed from all causes which would tend to influence them, have unanimously come to the conclusion that the evidence established the guilt of the appellant beyond a reasonable doubt, and the trial court who heard such evidence has twice refused to interfere with the verdict, for the reason that the evidence did not support it, it would be an extreme case which would warrant this court in interfering on that ground; and, from a careful examination of the evidence introduced upon the trial, we are satisfied that such extreme case is not presented by this record. It may be that the guilt of the appellant is not made absolutely certain, but there were many inculpatory facts sufficiently proven, and the fact that these circumstances convinced so many minds of his guilt beyond a reasonable doubt, makes it morally certain that the verdict was what it should have been.

We find no error in the record of which the appellant can complain, and the judgment and sentence will be affirmed, and the cause remanded to the court below with directions to proceed to appoint a day for the carrying of the judgment and sentence into effect according to law.

ANDERS, GORDON, DUNBAR and SCOTT, JJ., concur.